GEO. S. BUSH & Co., INC. *v.* UNITED STATES

**No. 6289.**—Invoices dated Vancouver, B. C., Canada, June 30, 1942, etc.
Entered at Seattle, Wash., July 3, 1942, etc.
Entry No. 9, etc.

Second Division, Appellate Term

(Decided July 3, 1946)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the appellant.
*Paul P. Rao,* Assistant Attorney General (*Richard F. Weeks,* special attorney),
for the appellee.

Before TILSON, KINCHELOE, and LAWRENCE, Judges; LAWRENCE, J., not
participating

TILSON, Judge: This is an application for a review of the decision
of the trial court filed under the provisions of section 501 of the
Tariff Act of 1930. The merchandise consists of what is known as
Timberhog gasoline and electric power saws, and parts thereof, which
merchandise was entered at Seattle, Wash., during the month of
July 1942. The merchandise was entered at the invoice values, and
the appraiser found values for the same at the entered values, plus
25 per centum, basing his appraisement upon foreign value.

The trial court made the following finding of values:

The record before me fails to show any dutiable values for the merchandise in
question than those found by the appraiser, which I hold to be the foreign values,
within the meaning of amended section 402, *supra.* Judgment will be rendered
accordingly.

Appellant assigns as error the " * * * holding that a 'foreign
value,' as defined in section 402 (c) of said act, existed for such mer-
chandise and in not holding that such value did not exist." Appel-
lant also contends that the trial court erred in not finding United
States value or cost of production for the merchandise.

During the trial of the case much evidence was introduced tending
to establish both United States values and also cost of production for
the merchandise. However, before we may proceed to the United
States value or cost of production as a basis for the appraisement of
the merchandise, we must first determine whether there is a foreign
or export value for the merchandise. It is conceded by both parties
that there is no export value. In view of the exclusive agency agree-
ment with regard to the exportation of this merchandise, we find that
there is no export value for the same.

With reference to the foreign value, the situation is different. It should be remembered that the values found by the appraiser were based upon foreign value. By reason of section 501 of the Tariff Act of 1930 " * * * The value found by the appraiser shall be presumed to be. the value of the merchandise and the burden shall rest upon the party who challenges its correctness to prove otherwise." In *United States* v. *Freedman & Slater*, 25 C. C. P. A. 112, our appellate court interpreted the above quotation as follows:

When the appraisement first came before the trial court, it must be presumed that the appraisement and all items thereof. constituted the true valuation of the merchandise and the burden rested upon the party who challenged its correctness or the correctness of any of its items to prove otherwise. Section 501, Tariff Act of 1930.

Therefore, when the appraisement in this case first came before the trial court, it must be presumed that the appraisement and all items thereof, including the items of foreign value, constituted the true valuation of the merchandise, and the burden rested upon the party, appellant herein, who challenged its correctness or the correctness of any of its items to prove otherwise.

The first hearing in this case was held prior to the decision by our appellate court in the case of *United States* v. *Heemsoth-Kerner Corp.*, 31 C. C. P. A. 75, at which time the sales manager of the exporter testified, in part, as follows:

X Q. But you did sell direct, did you not, in their territories? In some instances?—A. Not unless we allowed them the commission on the sale.

X Q. Yes, but you then were permitted to sell direct, provided you allowed a commission to the dealer to whom you had given the sales territory, is that right?—A. Yes.

X Q. And you would not refuse to sell direct to anyone who wished to purchase, would you, from you?—A. No.

X Q. In any territory in Canada, I mean under the arrangement of paying a commission to someone?—A. No, we wouldn't.

X Q. You would not refuse?—A. No.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

X Q. You don't know whether you made any sales direct in the territories of dealers?—A. No.

X Q. But you reserved the right to do so, is that right?—A. We reserved the right to do so.

After the decision in the *Heemsoth-Kerner* case, *supra*, this same witness gave testimony quite contrary to that set out above, stating in effect that if the exporter received an inquiry concerning these saws, or parts thereof, or an order for the same, "We would refer them to our dealer."

In view of the circumstances under which this contradictory testimony was given, we agree with the trial court that the record fails to show any dutiable value for the merchandise in question other than

that found by the appraiser. Such testimony is not sufficient to overcome the presumption of correctness in favor of the action of the appraiser in finding a foreign value for this merchandise. Since the appellant has failed to establish the absence of a foreign value for this merchandise, no occasion arises for us to give any consideration to the testimony regarding the United States value or the cost of production.

After a careful consideration of this rather voluminous record we find:

1. That the merchandise consists of so-called Timberhog gasoline and electric power saws, and parts thereof.

2. That the merchandise was imported and entered at the port of Seattle during the month of July 1942.

3. That the merchandise was appraised on the basis of foreign value, and that there is no export value for the same.

4. That the contradictory evidence offered by appellant is not sufficient to establish the absence of a foreign value for the merchandise.

We therefore conclude that the trial court reached the correct conclusion, as hereinbefore set out, and its judgment is accordingly affirmed. Judgment will be rendered accordingly.